the property was Miller's; and this it had a right to decide, as is said by the supreme court in the case of Ex parte Christy, 3 How. [44 U. S.] 292. In Freeman v. Howe, 24 How. [65 U. S.] 450, it was decided that when the property is in the possession of the marshal it could not be interfered with by a process from the state court; and here the property was in effect in the possession of the court or its officers, and the maintenance of the action in the state court depends on the construction to be given to the bankrupt law.

---

## Case No. 9,552.

### In re MILLER.

[3 Cin. Law Bul. 967.]

Circuit Court, D. Indiana. Nov. Term, 1878.

GRAND JURY—DISTRICT ATTORNEY—INSTRUCTIONS NOT TO PROSECUTE—OATH OF JURY.

The grand jury, having the case of Casey W. Miller, charged with embezzlement in the First National Bank of Indianapolis, under investigation, came into open court and reported to Judge Gresham that the district attorney had received instructions from the president of the United States against prosecuting a certain party for alleged embezzlement in the First National Bank of Indianapolis, that they had been requested to investigate the matter, and desire to know from the court whether it was their duty to proceed with the case, instructions of the president to the district attorney to the contrary notwithstanding.

GRESHAM, District Judge (charging jury). When you were impanelled at the begin-

ning of the term you swore that you would diligently inquire and true presentment make of such matters as should be given you in charge, or might otherwise come to your knowledge, touching violations of the criminal statutes of the United States; that you would present no one through envy, hatred or malice, and that you would have no one unpresented through fear, favor, affection, reward, or the hope thereof. You could not, if you would, escape the obligation of this oath by heeding the instruction of the president in this particular case. The president may, if he feels so inclined, interfere, even in advance of indictment, by exercising the pardoning power. In no other way has he the slightest authority to control your action. He has it in his power to pardon the alleged offender, and unless he is willing to take this responsibility he has no more right to control your action than the czar of Russia. If you believe the president's instructions to the district attorney were intended to prevent you from making the fullest investigation into the matter now before you, and from returning an indictment against the accused if the evidence should warrant it, you should be inspired with additional determination to do your duty. The moment the executive is allowed to control the action of the courts in the administration of criminal justice their independence is gone. It is due the president to say that the court does not believe he has any desire to encroach on the judiciary, or that he contemplated any unwarranted interference by his instructions to the district attorney. The district attorney says in open court that he is ready and willing to aid you in any examination of this case which you may feel called upon to make. He and his assistants are faithful officers, and will render you all necessary aid in this as in other cases.